IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CR-21-21-R |
| | ) |
| TAYLOR McKALE THOMASON, | ) |
| MARY ELIZABETH SANCHEZ, and | ) |
| KADE LARUE RICE, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court are the Motions for Severance filed by Defendants Taylor McKale Thomason, Mary Elizabeth Sanchez, and Kade Larue Rice pursuant to Federal Rule of Criminal Procedure 14. Doc. Nos. 98, 111, & 112.[1] The Government responded in opposition to each motion in Doc. No. 115.

Though the Defendants proffer similar arguments—each allege severance is warranted due to i) spillover prejudice, ii) mutually antagonistic defenses, and iii) the Confrontation Clause of the Sixth Amendment—the Defendants' motions differ in one respect. Defendant Sanchez seeks to have her case completely severed from the other four defendants, while Defendants Thomason and Rice seek to have Defendant Wilson's trial severed from the remaining Defendants. Regardless, the Court declines to grant severance for the reasons set forth below.

---

[1] Though Defendant Sanchez and Thomason filed their own respective substantive motions, Defendant Rice joined in Defendant Thomason's motion. Doc. No. 112.

Under Federal Rule of Criminal Procedure 8(b), joinder of defendants is proper if the defendants allegedly "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." In a conspiracy trial where the "evidence overlaps and the offenses arise from the same series of acts or transactions," joinder is favored. *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994). The Tenth Circuit recognizes "a presumption in a conspiracy trial that co-conspirators charged together preferably should be tried together." *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009); *see also Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("[t]here is a preference in the federal system for joint trials of defendants who are indicted together") (internal quotation marks and citation omitted).

Further, the Supreme Court has stated that a motion to sever should be granted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Defendants are not entitled to severance just by raising the argument that an acquittal would be more likely if the trials were held separately. *Id.* at 540. Ultimately, the decision to sever is up to the sound discretion of the trial court. *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995).

First, Defendants argue that there is a danger of "spillover prejudice", which could cause the jury to convict because of the evidence introduced against a co-Defendant. Doc. No. 98, pp. 3–4; Doc. No. 111, p. 3. The only argument the Defendants offer in support of the danger of spillover prejudice is that most of the evidence in this case relates to the "drug dealing activities" of Defendant Wilson. Doc. No. 111, p. 2. However, "a defendant cannot

obtain severance simply by showing that the evidence against a co-defendant is more damaging than the evidence against herself." *United States v. Wardell*, 591 F.3d 1279, 1300 (10th Cir. 2009) (internal quotation marks and citation omitted). Contrary to the Defendants' position, the Tenth Circuit has explained that limiting instructions are often sufficient to cure any prejudice. *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1234 (10th Cir. 1997). Here, the Defendants have failed to establish prejudice would result without severance.

Second, Defendants argue that mutually antagonistic defenses justify severance. Doc. No. 98, p. 4; Doc. No. 111, p. 3. Defendant Sanchez argues that the defenses are mutually antagonistic here because her defense "is that she was not involved at all in the charged conspiracy[ ]" and that "[i]n order to believe [her] defense, the jury would [ ] have to disbelieve the defenses of one or more co-defendants…".[2] Doc. No. 98, p. 6. However, as the Government notes, "[i]f a defendant's claim of innocence was sufficient to overcome the presumption of joinder, then there would never be a joint criminal trial." Doc. No. 115, p. 8.

The defendant bears the burden of proving that mutually antagonistic defenses justify severance. *Zafiro*, 506 U.S. at 538-39. Further, the defenses must be "so antagonistic that they are mutually exclusive[,]" and thus, the "conflict between the defendants' defenses must be such that the jury, in order to believe the core of one defense, must *necessarily* disbelieve the core of the other." *United States v. Jones*, 530 F.3d 1292, 1304

---

[2] Defendant Thomason and Defendant Rice make the same argument in their motion, stating that their "defense is that [they were] not involved in the charged conspiracy. Any crimes were committed were perpetrated by Mr. Wilson." Doc. No. 111, p. 5.

3

(10th Cir. 2008) (internal quotation marks and citation omitted) (emphasis in original). In the Tenth Circuit, multiple defendants' claims of innocence alone do not amount to mutually antagonistic defenses. *See United States v. Dirden*, 38 F.3d 1131, 1141 (10th Cir. 1994) (affirming district court's denial of a motion to sever when multiple defendants asserted that "the firearm and narcotics were not his"). Similarly, here, each Defendants argument—that her innocence rises to a mutually antagonistic defense—is insufficient to justify severance.

Lastly, the Defendants argue that the joint trial would compromise the right to confront co-Defendants in violation of the Confrontation Clause of the Sixth Amendment. Specifically, the Defendants allege that co-conspirator statements or hearsay that do not relate to the specific parties will "artificially inflate" the case against them. Doc. No. 111, p. 5. The Government explains, however, that "the only statements by any of the defendants that the [Government] intends on presenting are statements admissible under Rule 801(d)(2)(E)." Doc. No. 115, p. 10.

The Court will conduct a *James* hearing regarding the admissibility of statements under the co-conspirator exception to the hearsay rule. During such hearing, if the Court finds evidence sufficient to establish a conspiracy existed and any particular Defendant was involved, co-conspirator statements in furtherance of the conspiracy would be non-testimonial, and thus, admissible. *United States v. Patterson*, 713 F.3d 1237, 1247 (10th Cir. 2013). Accordingly, at this juncture, Defendants are not entitled to severance.

As stated above, the burden of establishing that severance is warranted lies with the Defendants. Having considered the parties' positions, the Defendants have failed to meet

their burden. Accordingly, Defendants motions for severance, Doc. Nos. 98, 111, and 112, are hereby DENIED. The Court, however, is aware of its "continuing duty at all stages of the trial to grant a severance if prejudice does appear." *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989)(internal quotation marks and citation omitted).

**IT IS SO ORDERED** on this 28th day of May 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE