IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CR-21-21-R |
| | ) |
| MARY ELIZABETH SANCHEZ, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendant Mary Elizabeth Sanchez's ("Defendant") motions to suppress and requests for evidentiary hearings in Doc. Nos. 104 and 105. The Government responded in opposition to both motions, Doc. Nos. 116 and 121. The Court finds as follows.

First, in Doc. No. 104, Defendant requests that the Court exclude any "custodial statements or statements made while in the functional equivalent of custody by her to law enforcement." Further, Defendant argues that she has "a constitutional right to a pretrial hearing to determine the admissibility of any in-custody statements," pursuant to *Jackson v. Denno*, 378 U.S. 368, 376–77 (1964). In response, the Government explains that "it does not intend to introduce Defendant's statement to law enforcement … in its case-in-chief." Doc. No. 116, n.1. The Government argues that it may, however, introduce the statement on cross-examination because Defendant waived her *Miranda* rights. Doc. No. 116-2. Defendant offers no factual allegations in support of her motion.

When a defendant knowingly and voluntarily waives *Miranda* rights—absent intimidation, coercion, or deception—such statements are admissible. *United States v. Cash*, 733 F.3d 1264, 1282 (10th Cir. 2013). The Government bears the burden of establishing that Defendant voluntarily waived her *Miranda* rights. *Colorado v. Connelly*, 479 U.S. 157, 168–69 (1986) ("the State need prove waiver only by a preponderance of the evidence"). Here, the Government has met its burden by producing a video recording of Defendant's questioning, Doc. No. 116-1, and a waiver form signed by Defendant revealing that the waiver was voluntary. Doc. No. 116-2. Further, Defendant has not offered any evidence indicating that the waiver was involuntary. Accordingly, the custodial statements are admissible.

Second, in Doc. No. 105, Defendant requests that the Court exclude "the methamphetamine seized in the vehicle search" on November 16, 2020 at a border patrol checkpoint, arguing that it amounted to an improper warrantless search under the Fourth Amendment. In response, the Government argues that the search was justified by a positive alert from a narcotic detection canine. Doc. No. 121, p. 4; Doc. No. 121-1. Again, Defendant offers no factual allegations in support of her motion.

The Tenth Circuit has explained that "a canine's alert to the presence of contraband during an exterior sniff of a vehicle gives rise to probable cause for agents to search that vehicle's interior." *United States v. Forbes*, 528 F.3d 1273, 1277 (10th Cir. 2008) (citing *United States v. Rosborough,* 366 F.3d 1145, 1152 (10th Cir. 2004)). Further, routine canine inspections are permissible at the border even without the consent of the driver. *See United States v. Williams,* 403 F.3d 1203, 1207 (10th Cir.2005) ("A canine sniff on the

exterior of a vehicle during a lawful traffic stop does not implicate legitimate privacy interests."). Here, the Government provided a report issued by a Border Patrol Agent stating that a canine sniff alerted the agent as to the possibility of contraband in the vehicle. Doc. No. 121-1. The agent referred the vehicle to the secondary inspection area where the canine and the agent searched the vehicle and uncovered contraband. *Id.* Thus, the canine's positive alert at the border inspection area provided probable cause for the search of the vehicle.

As stated above, Defendant's motions to suppress do not set forth any factual basis for the relief sought. Further, the purpose of an evidentiary hearing is to resolve conflicting evidence. *Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 860 (10th Cir. 2005); *see also United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) ("An evidentiary hearing may be appropriate *when there are material facts in dispute* relevant to the motion to suppress.") (emphasis added). Because the Defendant fails to set forth any factual basis for her motions, there is no factual dispute for the Court to resolve. Accordingly, Defendants' motions to suppress and requests for evidentiary hearings, Doc. Nos. 104 and 105, are hereby DENIED.

**IT IS SO ORDERED** on this 1st day of June 1, 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE